ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE BAYAMÓN<br>Peticionario<br><br>v.<br><br>MIGUEL A. SÁNCHEZ GONZÁLEZ Y OTROS<br>Recurrido | KLCE202301235 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Número: BY2022CV00097<br><br>Sobre: Injunction (Entredicho provisional; Injunction Preliminar y Permanente) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

Comparece ante esta Curia el Municipio Autónomo de Bayamón (Municipio) y solicita que revisemos la *Resolución*[1] que notificó el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 1 de septiembre de 2023. Mediante el aludido dictamen, el TPI concedió a Miguel A. Sánchez González, Luz Celeste Hernández Medina y la sociedad de gananciales por ellos compuesta (recurridos) un término final de sesenta (60) días para finalizar el trámite de convertir el permiso de uso en permiso único.

Por los fundamentos que exponemos a continuación denegamos la expedición del auto de *certiorari*.

**I.**

En el presente caso, el Municipio instó en contra de los recurridos una causa de acción sobre *injunction* estatutario, al amparo del Artículo 14.1 de la Ley Núm. 161-2009. Ello, con el

---

[1] Apéndice, pág. 24.

Número Identificador:

RES2023_____

propósito de que el TPI les ordene detener -de forma inmediata- la venta de pinchos y el uso de un taller de mecánica liviana, o en la alternativa, les revoque el permiso de uso que ostentan por presuntamente operarlo desordenadamente.

En respuesta a la *Moción Conjunta Informando Acuerdo*[2] que instaron ambas partes, el TPI emitió una *Sentencia*[3] en la cual aprobó la referida estipulación transaccional. Vencido el término estipulado sin que los recurridos dieran cumplimiento a lo acordado, el Municipio solicitó la ejecución de la sentencia[4] al amparo de la Regla 51.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 51.3. En consecuencia, el foro primario dictó una *Orden*[5] de citación a los recurridos para una vista de desacato, a celebrarse el 29 de septiembre de 2022.  La referida vista se dejó sin efecto ante la emergencia tras el paso del Huracán Fiona por Puerto Rico.[6] Posteriormente, los recurridos presentaron múltiples solicitudes de prórroga y aseguraron estar realizando las gestiones necesarias para conformar el permiso que ostentan con las actividades que llevan a cabo en su propiedad. A esos efectos, los recurridos instaron una solicitud para convertir el permiso de uso actual a un permiso único.

Al cabo de un año de haber solicitado la ejecución de la sentencia, el Municipio instó nuevamente una *Moción solicitando remedio a tenor con la Regla 51.3 de Procedimiento Civil.*[7] En reacción, el foro primario dictó una *Orden,*[8] notificada el 2 de agosto de 2023, mediante la cual concedió un término a los recurridos para expresarse en torno al petitorio del Municipio.

En su réplica,[9] los recurridos se comprometieron, dentro de un término de 15 días, a reestablecer los espacios de

---

[2] Apéndice, págs. 87-89.
[3] Apéndice, pág. 86.
[4] Apéndice, págs. 82-84.
[5] Apéndice, pág. 76.
[6] Apéndice, pág. 68.
[7] Apéndice, págs. 36-41.
[8] Apéndice, pág. 35.
[9] Apéndice, págs. 25-26.

estacionamiento y a remover pinos y el carretón de ventas ambulantes de la propiedad, a modo de culminar con el trámite de conversión. Sobre tales bases, solicitaron al foro primario que dé por cumplida su orden. Mediante el dictamen impugnado, el TPI accedió a dar por cumplida su orden previa. Allí, también, concedió a los recurridos un término final de 60 días para finiquitar el trámite de conversión pendiente.

Inconforme, el Municipio instó un petitorio de reconsideración.[10] Insistió en que el TPI ordene el cese y desista de los recurridos del taller de mecánica liviana e instalación de gomas y venta de comida que operan desde la propiedad objeto de este pleito, entre otros remedios.

En cumplimiento con el requerimiento[11] del foro primario, los recurridos se opusieron a la solicitud del Municipio.[12] Discutieron extensamente que el permiso de uso para la venta de neumáticos incluye su montaje. Argumentaron que el montaje de neumáticos y el cambio de aceite y filtro no constituyen labores de mecánica. Por último, informaron que los pinos y el carretón fueron removidos y los estacionamientos marcados, por lo cual, están a la espera de que las agencias con jurisdicción atiendan la conversión del permiso de uso a permiso único.

Evaluado lo anterior, el foro primario notificó una *Resolución*[13] el 5 de octubre de 2023 en la cual se negó a reconsiderar y reiteró que el término de 60 días que concedió a los recurridos para culminar la referida conversión es final.

En desacuerdo, el Municipio presenta el recurso de epígrafe y señala la comisión de dos errores, a saber:

> Erró el TPI al autorizar otra prórroga adicional a la Recurrida, en contravención a los términos establecidos mediante la Sentencia por estipulación.

---

[10] Apéndice, págs. 17-23.
[11] Apéndice, pág. 16.
[12] Apéndice, págs. 3-15.
[13] Apéndice, pág. 2.

Erró el TPI al no celebrar una vista para determinar si la Recurrida había violado la transacción entre las Partes y conceder el remedio que en derecho procede, el cumplimiento con lo acordado.

Argumenta el Municipio que, la *Orden* impugnada menoscaba los términos que las partes establecieron en su acuerdo de transacción. Por lo antes, suplica que ordenemos al foro primario celebrar una vista, a los fines de dilucidar si los recurridos cumplieron con lo acordado y con la *Sentencia* del TPI, emitida y notificada el 31 de marzo de 2022.[14] De determinar que los recurridos incumplieron, solicita que se les conceda un término perentorio para acatar la *Sentencia,* so pena de desacato civil, más la imposición de costas y honorarios post sentencia.

En cumplimiento con nuestra *Resolución,* notificada el 8 de noviembre de 2023, los recurridos exponen su posición en torno al recurso del Municipio. Esencialmente exponen que, el Municipio no ha demostrado que el foro primario abusó de su discreción o que haya actuado mediante prejuicio, parcialidad o irrazonabilidad al resolver como lo hizo, por lo que, no procede la expedición del auto de *certiorari.* Pendiente lo anterior, el peticionario nos solicita el desglose de los anejos A, B, C del memorando en oposición presentado por los recurridos. En reacción, la parte recurrida se allana a lo solicitado. A la vez, solicita la desestimación del recurso por entender que el TPI ordenó la celebración de una vista el 6 de diciembre de 2023 por lo que se concedió el remedio procurado por el peticionario tornando en académico el recurso instado. Evaluado lo anterior, ordenamos el desglose de los referidos anejos A, B, C de la parte recurrida y declaramos no ha lugar el petitorio de desestimación.

Superado lo anterior y con el beneficio de las posturas de ambas partes, resolvemos.

---

[14] Apéndice, pág. 86.

**II.**

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023. Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1*,* limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada la Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd.* El delimitar la revisión a instancias

específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari.* La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Pueblo v. Rivera Montalvo,* 205 DPR 352 (2020).

**III.**

Surge del tracto procesal que, el Municipio solicita que ejerzamos nuestra función discrecional para dejar sin efecto el dictamen del TPI, mediante el cual dio por cumplida su *Orden* de 2 de agosto de 2023 y otorgó a los recurridos un término final de 60 días para culminar el trámite de conversión del permiso de uso a permiso único. Entiéndase que, el Municipio cuestiona una determinación interlocutoria sobre el manejo del caso del foro primario, relacionada a la concesión de una prórroga final.

Es de notar que, el Municipio no recurre de una resolución u orden al amparo de una solicitud de remedio provisional, orden de entredicho provisional o en ocasión de una denegatoria a una moción de carácter dispositivo. El Municipio tampoco impugna una orden o resolución interlocutoria sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, anotaciones de rebeldía o asuntos de familia.

Según la normativa antes esbozada, la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*, no nos confiere autoridad para expedir un auto de *certiorari* en circunstancias relacionadas a cómo deben conducirse los procedimientos ante el foro primario. A lo anterior añadimos que, el Municipio no nos ha puesto en posición de dictaminar que, esperar a la apelación, puede constituir un fracaso irremediable a la justicia.

Evaluado el recurso de epígrafe, a tenor de los criterios que establece la Regla 40 del Reglamento de este Tribunal, *supra,* para la expedición de un auto de *certiorari* concluimos que, no presenta un asunto que justifica nuestra intervención en esta etapa. En particular, es preciso destacar que hemos tomado en consideración que, la presente causa versa sobre una prórroga de índole <u>final</u>, por lo que colegimos que no se permitirán atrasos ni términos adicionales.  Más importante aún, tomamos conocimiento que, el foro primario ordenó la celebración de una  vista, el 6 de diciembre

de 2023, durante la cual se podrá expedir el correspondiente mandamiento de ejecución. Nada en el expediente ante esta Curia sugiere que el foro recurrido, en el ejercicio de sus facultades, haya incurrido en error o en abuso de discreción de forma tal que justifique nuestra intervención en esta etapa de los procesos. Tampoco nos encontramos ante una circunstancia excepcional que amerite la expedición del auto. Por todo lo antes expuesto, nos abstendremos de intervenir con el manejo del caso que realiza el foro *a quo*. Lo antes no prejuzga cualquier determinación ulterior en este caso.

## IV.

Por los fundamentos esbozados, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones